UNITED STATES of America

v.

Oliver L. NORTH.

Crim. No. 88–0080–02.

United States District Court,
District of Columbia.

April 5, 1989.

ORDER

GESELL, District Judge.

*Re: Motion (# 81) of Defendant for Leave to Introduce Videotape of Former Testimony By Admiral John M. Poindexter.*

On Thursday, March 30, 1989, North sought leave of Court to introduce a video-

tape of portions of Admiral John M. Poindexter's testimony before the Congressional committees investigating the Iran–Contra Affair, which North claims is exculpatory. The following day, March 31, Independent Counsel filed an opposition and on Monday, April 3, 1989 the Court briefly heard the parties on aspects of the motion.

■ Admiral Poindexter has claimed his Fifth Amendment privilege, refusing to testify at North's trial and is unavailable as a witness. Lacking the ability to call Poindexter, North seeks to introduce selected portions of about three hours of Poindexter's former testimony. The testimony was previously obtained under a grant of use immunity.

There can be no dispute that the videotape is hearsay. To fall within the exception to the hearsay bar given to former testimony, Rule 804(b)(1) of the Federal Rules of Evidence provides that the testimony must have been given by a witness

at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

While there are no cases under the Rule directly dealing with whether testimony given in a Congressional hearing can ever be used by a defendant in a subsequent criminal proceeding, the Rule clearly states that the party against whom the testimony is offered—here, the Independent Counsel representing the Executive Branch—must have had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination. In this case, the opposing party clearly had no such opportunity.

The Independent Counsel is not the Congress; indeed, the Independent Counsel did not have any chance to develop the testimony at all and in fact sought to prevent it being elicited. The members of the Joint Committee derived their power to inquire in aid of legislation, not as prosecutors en-

forcing the criminal laws. Clearly they did not act on behalf of the Independent Counsel but rather frustrated his undertaking in some respects. Moreover, the political motive of some Committee members, which colors portions of the examination, must be taken into account. Congressional examination was shaped in part by the demands of television and electoral politics, rather than by the rules of evidence and the norms of a fair adversary proceeding. Indeed, there was no fact finder in the process.

■ North nonetheless urges the Court to admit the testimony, suggesting that the interests of justice so require. The Court declines to exercise its authority under Fed.R.Evid. 804(b)(5). Even a hasty review of the proposed excerpts reveals that the editing has distorted the overall effect of the testimony. Moreover, Rule 804(b)(5) contemplates sufficient advance notice to the opposing party to allow that party a fair opportunity to prepare to meet it. The video itself was not available at the time the motion was argued. Pleadings from May and June, 1988 demonstrate clearly that North may have hoped to use the testimony of one or more co-defendants on his behalf, but the case is winding down now and the motion just filed comes too late. The editing of 30 hours of testimony cannot be evaluated in the short time given to the Independent Counsel, particularly since trial counsel are barred from reading it under *Kastigar*. *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

■ North cites *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and other constitutional cases to suggest that exclusion of the videotape will be unconstitutional. However, in weighing all the factors, the Court finds that the constitutional claim is misplaced. North seeks no discrete material otherwise unavailable that is definitely exculpatory, which, if excluded, would arguably deprive him of his due process rights. Defendant's counsel simply relies on a broad general claim of relevance, which in this context is

not enough, since relevance in a case of this nature has no particular focus. Admiral Poindexter's testimony selected for presentation distorts the record from the Congressional proceedings. Much of the testimony was not directed to the issues presented in *United States v. North.* Even if it were possible to rectify these deficiencies, the limitation on North's right to present evidence in his defense must be balanced against the effect this would have on the ability of the Independent Counsel to present the full facts to the jury. The Court notes in this connection that a witness or co-defendant's claim of Fifth Amendment immunity often disadvantages a defendant, and that the Court has no power to compel the government to offer a co-defendant immunity simply because he has relevant testimony to offer. *United States v. Heldt*, 668 F.2d 1238, 1282, 1283 (D.C.Cir.1981). Even if North had not requested a separate trial, Poindexter's Fifth Amendment rights would have been the same.

The motion is denied.

SO ORDERED.